a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GHARTI DIPAK, Petitioner | CIVIL DOCKET NO. 1:20-CV-00788-P |
| VERSUS | JUDGE DRELL |
| WILLIAM P. BARR, *ET AL.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1, 5) filed by *pro se* Petitioner Gharti Dipak ("Dipak") (A# 201740163). Dipak is a detainee in the custody of the Department of Homeland Security ("DHS") and Bureau of Immigration and Customs Enforcement ("ICE") detained at the LaSalle Correctional Center ("LCC"). Dipak alleges that his custody is unlawful under the Constitution and laws of the United States. ECF No. 5 at 6.

Because Dipak fails to allege why his removal is unlikely to occur in the reasonably foreseeable future, and because the Court lacks jurisdiction over Dipak's challenge to his removal order, the Petition (ECF Nos. 1, 5, 8) should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

Dipak is a native and citizen of Nepal. ECF No. 1 at 5. Dipak seeks a release from custody because he has allegedly been in post-removal order detention for more than six months. ECF No. 1 at 7. Because Dipak did not allege any reason why his

removal to Nepal is unlikely to occur in the reasonably foreseeable future as required under *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Court ordered Dipak to amend his Petition. ECF No. 7. Dipak was instructed to provide the Court with a copy of any "post-removal-order" documents that he has received. ECF No. 7.

Dipak filed a Response, but failed to allege any reason why his removal is not likely to occur in the reasonably foreseeable future. ECF No. 8. Instead, Dipak argues the merits of his unsuccessful request for asylum. ECF Nos. 8, 5-1 at 1. He does not provide a copy of any custody review documents. However, he provides a copy of a Notice of Failure to Depart issued on April 3, 2020. ECF No. 8-1 at 1.

II. Law and Analysis

    A. Dipak cannot meet the burden of proof under *Zadvydas*.

Under *Zadvydas*, it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final order of removal. After the expiration of the six-month period, a detainee may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

Not every detainee in custody will be entitled to automatic release after the expiration of the six-month period. In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit Court of Appeals explained that *Zadvydas* creates no specific tine limits on detention. In fact, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably

foreseeable future. *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The detainee bears the initial burden of proof to show that no such likelihood of removal exists. *Id.*

Although Dipak has been in post-removal order detention for more than six months, Dipak does not allege any reason why his removal to Nepal is unlikely to occur in the reasonably foreseeable future. ECF Nos. 1, 5, 8. Therefore, Dipak cannot meet his initial burden under *Zadvydas*.

> B. This Court lacks jurisdiction over Dipak's challenge to his removal order.

Dipak applied for asylum and was afforded a credible fear interview. ECF No. 5-1, p. 9-21. The asylum officer found that Dipak did not have a credible fear of persecution or torture in Nepal. ECF No. 5-1 at 2. Dipak sought review by an Immigration Judge, who affirmed the decision of the asylum officer. ECF No. 5 at 6. Dipak was thus ordered removed. ECF No. 5-1 at 8.

The passage of the REAL ID Act "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019. Pursuant to the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C.A. § 1252(a)(5); *Shah v. Dir., Jackson Par. Correctional Ctr.*, 3:19-CV-1164, 2019 WL 4254139, at *2 (W.D. La. Sept. 6, 2019).

Section 1252(e)(1) further limits review of an expedited removal order, providing that no court may enter "declaratory, injunctive, or other equitable relief" pertaining to an expedited removal order except as "specifically authorized in a subsequent paragraph of this subsection." *Id.* No subsequent paragraph of Section 1252(e)(1) authorizes the Court to grant relief. In fact, § 1252(g) provides that no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter. 8 U.S.C. § 1252(g). Therefore, this Court lacks jurisdiction to review the order of removal or denial of asylum.

### III. Conclusion

Because Dipak fails to state a claim under *Zadvydas*, and because this Court jurisdiction over Dipak's removal order, IT IS RECOMMENDED that the Petition (ECF Nos. 1, 5, 8) be DENIED and DISMISSED as to the *Zadvydas* claim, WITHOUT PREJUDICE to refiling should Dipak's detention become unlawful, and DISMISSED WITHOUT PREJUDICE for lack of jurisdiction as to Dipak's challenge to his removal order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy

thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Friday, October 16, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE